UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA            Case No. 8:10-cv-71-T-17MAP, et al.[1]
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,
_____/

## ORDER ON REPORT AND RECOMMENDATION

This cause is before the Court on the report and recommendation (R&R) issued by Magistrate Judge Mark A. Pizzo on January 4, 2012, and entered into the twenty-four cases set out in Appendix A. The Magistrate Judge set out a short explanation of the posture of this case relating to this order:

> These cases emanate from a Securities and Exchange Commission enforcement action aimed at dealing with the aftermath of a massive Ponzi scheme perpetrated by a hedge fund manager. Burton W. Wiand ("Wiand"), the receiver appointed in that action and charged with rounding up assets, has sued more than 150 investors demanding the return of some or all of their "false profits," the principal invested, commissions or fees received, or charitable contributions received. A subset of investors moved to compel arbitrations per the Federal Arbitration Act ("FAA") (*i.e.,* 9 U.S.C. § 4), and on September 29, 2011, the Court granted their motions, stayed their proceedings pending the arbitrations, and administratively closed each case. Wiand now seeks this Court's certification for interlocutory appeals in twenty-four of these cases...per 28 U.S.C. § 1292(b) (doc. 50). In sum, he contends the Court's rejection of his argument that 28 U.S.C. §§ 754 and 1692 trump the FAA presents an issue where substantial grounds for differences of opinion exist. The Defendants uniformly oppose the motion. (footnotes omitted)

---

[1] The specific cases covered by this omnibus report and recommendation are listed in Appendix A which is part of this order.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had fourteen (14) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1982) (en banc). The Receiver filed objections to the report and recommendation (Doc. 61) [2] and Certain Defendants responded thereto (Doc. 62).

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a <u>de novo</u> review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980); **Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. **Gropp v. United Airlines, Inc.**, 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

Initially, the Court notes that question of whether or not the September 29, 2011, order staying the case was final or interlocutory was determined by the Eleventh Circuit Court of Appeals' dismissal of all the filed appeals as interlocutory and non-

---

[2] All document references here, unless otherwise noted, are to case number 8:10-cv-71-T-17MAP.

appealable (Doc. 60).

The remaining issue is whether or not the Court should grant the motions for certification for interlocutory appeal in the twenty-four case set out in Appendix A. The magistrate judge recommended that the Court deny the request for certification of interlocutory appeal in all cases.

The Court has reviewed the report and recommendation and made an independent review of the record. Upon due consideration, the Court concurs with the report and recommendation. The Court concurs with the following statement of the Magistrate Judge:

> In 1988, Congress amended the FAA by adding § 16, thereby signifying a national effort to prevent the appellate process from impeding a litigant's expeditious route to arbitration. Its design was "to assure that if the district court does determine that arbitration is called for, the court system's interference with the arbitral process will terminate then and there, leaving arbitration to go forward." Siegel, *supra*. Wiand's request for an appeal, which will increase the litigation costs and delay the final determinations to the substantive dispute, butts against this settled policy. And against this pro-arbitration standard, his motion fails to meet § 1292(b)'s high threshold for certifying the appeal of a pro-arbitration ruling. *OFS Fitel, LLC*, 549 F.3d at 1358-1359. (footnotes omitted.)

Accordingly, it is

**ORDERED** that the report and recommendation, January 4, 2012, as entered into the twenty-four cases set out in Appendix A, be **adopted** and **incorporated by reference in each and every case**; the objection of the Receiver be **overruled in each case**; and the motions for certification for interlocutory appeal be **denied in each case**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 23rd day of February, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
Assigned Magistrate Judge

Appendix A

| CASE NUMBER | DEFENDANT(S) | MOTION |
|---|---|---|
| 8:10-CV-71-T-17MAP | Peter Roby; Katherine Roby | Doc. 50 |
| 8:10-CV-96-T-17MAP | Charles A. Hailey | Doc. 53 |
| 8:10-CV-97-T-17MAP | Gregg Weinberg, as Trustee of the Commonwealth Radiology, PC Profit-Sharing Plan | Doc. 51 |
| 8:10-CV-112-T-17MAP | Louis Wang | Doc. 31 |
| 8:10-CV-119-T-17MAP | John D. Whitlock | Doc. 53 |
| 8:10-CV-123-T-17MAP | Rodney Nigel Turner | Doc. 52 |
| 8:10-CV-125-T-17MAP | W.W. Whitlock Foundation | Doc. 53 |
| 8:10-CV-130-T-17MAP | Ellen Schwab | Doc. 56 |
| 8:10-CV-134-T-17MAP | Paul Swenson | Doc. 54 |
| 8:10-CV-157-T-17MAP | Edward Steinhauser; Diane Schwab | Doc. 53 |
| 8:10-CV-161-T-17MAP | Daniel A. Zak, individually and as Trustee of the EPMG - NW P.C. MPP & PS Trust | Doc. 53 |
| 8:10-CV-170-T-17MAP | Marian Zak, as Trustee of the Marvin Zak and Marian Lyle Zak Bypass Trust U/A dtd 10/16/1998 | Doc. 48 |
| 8:10-CV-171-T-17MAP | Harvey A. Gilbert, as Co-Trustee of the Gilbert Family Trust; Deanne E. Gilbert, as Co-Trustee of the Gilbert Family Trust | Doc. 52 |
| 8:10-CV-176-T-17MAP | Richard E. Russell, individually and as Trustee of the Richard E. Russell Revocable Living Trust | Doc. 50 |
| 8:10-CV-180-T-17MAP | John D. Whitlock, as Trustee of the W.W. Whitlock PC Pension Trust | Doc. 52 |
| 8:10-CV-181-T-17MAP | Roberta Schneiderman, as Co-Executor of the Estate of Herbert Schneiderman; Robert D. Zimelis, as Co-Executor of the Estate of Herbert Schneiderman | Doc. 48 |

| | | |
|---|---|---|
| 8:10-CV-184-T-17MAP | John Whitlock, as Co-Trustee of the Edward J. Whitlock, Jr. Marital Trust Two; Thomas Luck, as Co-Trustee of the Edward J. Whitlock, Jr. Marital Trust Two | Doc. 55 |
| 8:10-CV-185-T-17MAP | Walter L. Schwab, as Trustee of the Walter L. Schwab Revocable Trust dtd 10/23/1991 | Doc. 53 |
| 8:10-CV-203-T-17MAP | World Opportunity Fund, L.P. | Doc. 50 |
| 8:10-CV-206-T-17MAP | Melinda Munson; Mark Munson | Doc. 48 |
| 8:10-CV-212-T-17MAP | The Carrswold Partnership | Doc. 52 |
| 8:10-CV-218-T-17MAP | Kathryn Lawrence | Doc. 46 |
| 8:10-CV-221-T-17MAP | Munson Family Partners, Ltd. | Doc. 48 |
| 8:10-CV-223-T-17MAP | Dominique Schmidt; Caroline Schwab | Doc. 52 |